# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

M. CARMEN LUNA,

            Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,

            Agency.

DOCKET NUMBER
DA-0752-14-0378-I-1

DATE: April 29, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Anthony Rogers</u>, San Antonio, Texas, for the appellant.

<u>Thomas Herpin</u>, Esquire, Houston, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which applied the doctrine of collateral estoppel and dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and dismiss the appeal for lack of jurisdiction. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

## BACKGROUND

¶2 Effective June 30, 2003, the appellant separated from her position with the Department of Health and Human Services (HHS), Food and Drug Administration (FDA). *Luna v. Department of Veterans Affairs*, MSPB Docket No. DA-0752-10-0378-I-1 (0378), Initial Appeal File (IAF), Tab 7 at 23. The Standard Form (SF) 50 documenting her separation indicated that the appellant had separated under the Civil Service Retirement System (CSRS) pursuant to the "early out" retirement provisions of 5 U.S.C. § 8336(d)(2). 0378, IAF, Tab 7 at 23. The agency hired the appellant effective February 5, 2006, *id.* at 33, and she continued to receive her CSRS annuity during her reemployment. Effective February 23, 2010, the agency terminated the appellant for various misconduct without notice of appeal rights to the Board. *Id.* at 35.

¶3 The appellant filed an appeal of her termination with the Board and requested a hearing. *Luna v. Department of Veterans Affairs*, MSPB Docket No. DA-0752-10-0294-I-1 (0294), IAF, Tab 1 at 2, Tab 9, Subtabs 4m, 4r. She denied

the misconduct and claimed that the agency had committed harmful procedural error by failing to provide her Board appeal rights in the termination notice. 0294, IAF, Tab 1 at 3, 6. The agency filed a motion to dismiss, arguing that the Board lacks jurisdiction over the appeal because the appellant was a reemployed annuitant and thus had no right to appeal her termination to the Board. 0294, IAF, Tab 4.

¶4 The administrative judge issued a show cause order in which she advised the appellant that a reemployed annuitant receiving an annuity serves at the will of the appointing authority and generally has no right to appeal her termination to the Board. 0294, IAF, Tab 5 at 1. The administrative judge directed the appellant to file evidence and/or argument to prove that the Board has jurisdiction over her appeal. *Id.* at 2. She directed the agency to file evidence to show whether the appellant was a reemployed annuitant. *Id.* Both parties filed responses to the order. 0294, IAF, Tabs 10-11.

¶5 Without holding the requested hearing, the administrative judge issued an initial decision on April 5, 2010, dismissing the appeal for lack of jurisdiction based on her finding that the appellant was a reemployed annuitant at the time of her termination. *Luna*, MSPB Docket No. DA-0752-10-0294-I-1, Initial Decision (Apr. 5, 2010). The appellant filed a petition for review of the initial decision, arguing, inter alia, that the Board has jurisdiction over her appeal because she separated from the FDA pursuant to a Discontinued Service Retirement (DSR). 0294, Petition for Review (PFR) File, Tab 1 at 4. The Board denied the appellant's petition for review by final order, noting that the SF 50 documenting the appellant's separation shows that she retired under the early-out provisions of 5 U.S.C. § 8336(d)(2), not under a DSR. *Luna*, MSPB Docket No. DA-0752-10-0294-I-1, Final Order at 3 (Nov. 10, 2010) (citing 0294, IAF, Tab 9, Subtab 4w.)

¶6	On March 17, 2014,[2] the appellant filed another Board appeal of her termination and requested a hearing. 0378, IAF, Tab 1. The administrative judge issued an order notifying the appellant of the criteria for applying the doctrine of collateral estoppel, informing her that these requirements appeared to be met in this case, and directing her to file evidence and argument to show why her appeal should not be barred under that doctrine. 0378, IAF, Tab 2.

¶7	In response, the appellant asserted that on February 24, 2014, HHS cancelled the SF-50 documenting her 2003 separation and replaced it with a new SF-50 which establishes that she separated from the FDA under a DSR. 0378, IAF, Tab 7 at 7; *see id.* at 25, 27. The appellant contended that she therefore has the right to appeal her 2010 removal to the Board and that the agency erred by removing her from her position without complying with the procedures set forth in 5 U.S.C. § 7513. 0378, IAF, Tab 7 at 7-8.

¶8	Without holding a hearing, the administrative judge issued an initial decision on July 18, 2014, that dismissed the appeal pursuant to the doctrine of collateral estoppel. ID at 2, 4. The appellant has filed a petition for review.[3]

---

[2] The initial decision identifies the date of filing as April 28, 2014. *See* 0378, IAF, Tab 9, Initial Decision (ID) at 1. Although the regional office received the appeal by facsimile on April 28, 2014, the appeal was filed with the Board by electronic submission on March 17, 2014. *See* 0378, IAF, Tab 1; *see also* 5 C.F.R. § 1201.4(l) (the date of filing by e-filing is the date of electronic submission).

[3] The appellant submitted additional pleadings on November 7, 2014, and December 22, 2014. *See* 0378, PFR File, Tabs 3-4. The Clerk of the Board rejected the pleadings and explained that the Board's regulations do not provide for pleadings other than a petition for review, a cross petition for review, a response to the petition for review or cross petition for review, and a reply to the response. *Id*.; *see* 5 C.F.R. § 1201.114(a)(5). The Clerk informed the appellant that she was not permitted to file an additional pleading without first submitting a motion requesting leave to file such a pleading. 0378, PFR File, Tabs 3-4. The Clerk further informed the appellant that her motion must describe the nature and need for the pleading, and demonstrate that any evidence therein was not readily available before the record closed. *Id*.

On January 18, 2015, the appellant filed a motion for leave to submit an additional pleading "to ensure due process." 0378, PFR File, Tab 5. In particular, she asked to submit records that indicate that she was an employee when she was removed and,

0378, Petition for Review (PFR) File, Tab 1. The agency has not filed a response to the petition for review.

## ANALYSIS

Documents submitted on review.

¶9    The appellant has submitted three documents with her petition for review: (1) a July 15, 2014 final decision from the Office of Personnel Management (OPM) affirming its initial decision finding that the appellant was overpaid more than $300,000 in civil service annuity benefits because she continued to receive an annuity during her reemployment with the agency even though her retirement in 2003 was a DSR,[4] 0378, PFR File, Tab 1 at 12-15; (2) a copy of an SF-50 dated February 24, 2014, issued by HHS canceling the SF-50 which identified the appellant's 2003 separation as a "Retirement-Special Option," *id.* at 17; and (3) a copy of the July 18, 2014 initial decision in this appeal, *id.* at 19-25.

¶10    The Board generally will not consider evidence submitted on review absent a showing that the documents and the information contained in the documents were unavailable before the record closed despite due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v.*

---

therefore, should have been provided due process by the agency pursuant to 5 U.S.C. § 7513. We DENY the motion. As explained further below, because the appellant continued to receive an annuity during her employment with the agency, she was a reemployed annuitant when she was terminated. As such, she served at the will of the agency and thus did not have employee appeal rights under 5 U.S.C. § 7513.

[4] On July 27, 2014, the appellant filed a Board appeal challenging OPM's July 15, 2014 final decision. *Luna v. Office of Personnel Management*, MSPB Docket No. DA-831M-14-0569-I-1 (0569), IAF, Tabs 1-2. OPM did not defend the appeal and the administrative judge issued an initial decision on October 1, 2014, reversing OPM's reconsideration decision and ordering OPM to waive collection of the $300,000 overpayment. *Luna*, MSPB Docket No. DA-831M-14-0569-I-1, Initial Decision (Oct. 1, 2014). The initial decision in that appeal became final on November 5, 2014, when neither party filed a petition for review. *Id*.

*Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). To constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989).

¶11    We have considered OPM's July 15, 2014 reconsideration decision because it postdates the close of the record below and thus was not available despite the appellant's due diligence. *See* 0378, IAF, Tab 2. Also, this document supports the appellant's claim that she separated from the FDA under a DSR. However, both the initial decision and the February 24, 2014 SF-50 issued by HHS are already part of the record below and thus are not new. *Compare* PFR File, Tab 1 at 17, 19-25, *with* IAF, Tab 7 at 25 *and* ID; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (evidence that is already part of the record is not new). Therefore, we have not considered these documents.

We decline to apply the doctrine of collateral estoppel to this appeal.

¶12    Collateral estoppel, or issue preclusion, is appropriate when: (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 15 (2005).

¶13    Applying this standard, the administrative judge found that, in the appellant's prior appeal, her status as a reemployed annuitant was at issue, the issue was litigated, the determination on the issue was necessary to the resulting judgment, and the appellant had a full and fair opportunity to litigate that issue. ID at 4. Therefore, the administrative judge found that collateral estoppel

precluded relitigation of that issue and dismissal of the appeal was appropriate. ID at 4.

¶14     Assuming, without deciding, that all of the collateral estoppel requirements are met regarding the appellant's prior appeal, we decline to apply collateral estoppel to that appeal.  The application of collateral estoppel is discretionary and the Board need not apply it in every situation in which the criteria are met.  *See Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988) (even when the requirements for applying collateral estoppel are met, it would not be error to decline to apply collateral estoppel).  The considerations of public economy and private repose that underlie the doctrine of collateral estoppel must be balanced against the competing interests of fundamental fairness and due process.  *Tanner v. U.S. Postal Service*, 94 M.S.P.R. 417, ¶ 15 (2003) (citing *Williams v. U.S. Postal Service*, 35 M.S.P.R. 581, 585 (1987), *modified on other grounds by Berkey v. U.S. Postal Service*, 42 M.S.P.R. 24, 27-28 (1989)).  Thus, even if the prerequisites for collateral estoppel exist, the reviewing body may refrain from applying the doctrine if injustice would result or other public policy considerations would be compromised.  *Tanner*, 94 M.S.P.R. 417, ¶ 15.

¶15     The Board has held that an individual's reemployment after a DSR under the CSRS is not as a reemployed annuitant.  *Colbert v. Department of the Army*, 54 M.S.P.R. 492, 495 (1992).  The appellant has consistently maintained that she separated from the FDA in 2003 pursuant to a DSR.  *See, e.g.*, 0294, PFR File, Tab 1 at 4; 0378, IAF, Tab 1 at 6, Tab 7 at 4.  At the time of the appellant's prior appeal, HHS had not yet documented that her separation was pursuant to a DSR.  Consequently, there was no evidence to support her claim that she retired under a DSR.  Moreover, the evidence in the record contradicted her claim, as the SF-50 documenting her separation indicated that she retired under the early-out provisions of 5 U.S.C. § 8336(d)(2).  *See* 0294, IAF, Tab 9, Subtab 4w.

¶16     Now, however, the SF-50 (referenced by the Board in its November 10, 2010 Nonprecedential Final Order) has been cancelled and replaced by the SF-50

issued in February 2014, which supports the appellant's contention that her separation from service was a DSR rather than an early-out retirement. *See* 0378, IAF, Tab 7 at 23, 25, 27. Consequently, under the circumstances, we find that it would be inappropriate to apply collateral estoppel to the appellant's prior appeal.

The Board lacks jurisdiction over this appeal.

¶17 In assessing whether the Board has jurisdiction over this appeal, we are guided by the Board's reasoning in *Colbert*, 54 M.S.P.R. at 495, and *Garza v. Department of the Navy*, 119 M.S.P.R. 91, ¶ 9 (2012). In *Colbert*, the Board addressed the issue of whether an individual's reemployment after a DSR under the CSRS is as a reemployed annuitant. *Colbert*, 54 M.S.P.R. at 495. The Board noted that if an annuitant whose annuity is based on an involuntary separation, including a DSR, is reemployed in a position subject to 5 U.S.C. chapter 83, subchapter III, payment of the annuity stops on reemployment. *Colbert*, 54 M.S.P.R. at 495 (citing 5 U.S.C. § 8344(b); *Spiegel v. Department of Defense*, 33 M.S.P.R. 165, 168, *aff'd*, 828 F.2d 769 (Fed. Cir. 1987)). Therefore, the Board found that the individual's reemployment after a DSR would not be as a reemployed annuitant. *Colbert*, 54 M.S.P.R. at 495.

¶18 Applying the reasoning in *Colbert*, the Board in *Garza* noted that, when an individual who receives a discontinued service annuity under the Federal Employees' Retirement System (FERS) is reemployed, the annuity continues and the amount of the annuity that applies to the period of reemployment is offset from the reemployed annuitant's salary. *Garza*, 119 M.S.P.R. 91, ¶ 9. The Board held that, under these circumstances, the individual's reemployment after a DSR under FERS is as a reemployed annuitant and he therefore has no right to appeal his separation to the Board. *Id.*

¶19 Thus, the Board has clearly indicated that the critical factor in determining whether a reemployed individual is a reemployed annuitant is not whether the individual previously separated from federal service under a DSR, but, rather, whether the individual's annuity stopped upon reemployment. In that regard, we

note that in *Vesser v. Office of Personnel Management*, 29 F.3d 600, 605 (Fed. Cir. 1994), our reviewing court emphasized that actual receipt of an annuity is a significant factor in determining the at-will status of a reemployed individual.

¶20        Although it now appears that the appellant separated from the FDA pursuant to a DSR, the appellant does not dispute that she received a retirement annuity throughout her reemployment period and at the time of her termination in 2010. Because the appellant continued to receive a retirement annuity upon reemployment, she is a reemployed annuitant regardless of whether she retired under a DSR and, therefore, has no right to appeal her termination to the Board. *See* 0569, IAF, Tab 16. Accordingly, we conclude the Board lacks jurisdiction over this appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.